IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEROY STEWART, JR., | |
|     Petitioner, | No. CIV S-03-2670 FCD DAD P |
|   vs. | |
| D. L. RUNNELS, Warden, et al., | <u>AMENDED</u> |
|     Respondents. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| _____/ | |

In light of petitioner's objections to the findings and recommendations issued in this case and good cause appearing, this court vacates the findings and recommendations issued on October 23, 2007, and hereby issues these amended findings and recommendations. The amendment merely corrects a factual error in the October 23, 2007 findings and recommendations.[1] In all other respects, the findings and recommendations remain unchanged.

---

[1] Specifically, at page 13, lines 17 through 24, the findings and recommendations issued on October 23, 2007, stated that petitioner received a ruling from the California Court of Appeals on the merits of his claim of ineffective assistance of counsel both on appeal **and** through the denial of his state habeas petition. As petitioner has pointed out in his objections, he did not file a petition for writ of habeas corpus in state court. Nonetheless, on appeal his ineffective assistance of counsel claim was rejected on the merits by the California Court of Appeals. This factual correction does not change this court's analysis in any way. Accordingly, in light of petitioner's detailed objections to the previously filed findings and recommendations, no time for filing additional objections will be provided herein.

1  Petitioner is a state prisoner proceeding pro se with an application for a writ of
2  habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2001 judgment of
3  conviction entered against him on June 11, 2001, in the Tehama County Superior Court on the
4  charge of second degree murder. He seeks relief on the grounds that his trial counsel rendered
5  ineffective assistance. Upon careful consideration of the record and the applicable law, the
6  undersigned will recommend that petitioner's application for habeas corpus relief be denied.

PROCEDURAL AND FACTUAL BACKGROUND[2]

> On November 15, 2000, an information was filed, charging defendant Darryl Leroy Stewart, Jr., with first degree murder (Pen. Code, § 187, subd. (1)) with a special circumstance allegation that the murder was committed while lying in wait (Pen. Code, 190.2, subd. (1)(15)) and with a firearm enhancement (Pen. Code, § 12022, subd. (a)(1)).
>
> On May 8, 2001, defendant pleaded no contest to second degree murder; the special circumstance allegation and the enhancement were dismissed.
>
> The following month, defendant moved to withdraw his plea based solely upon his declaration that stated in conclusory fashion that he was pressured into taking the plea, that he had failed to understand "what was happening," and that he was on antidepressant medication. The motion, which was submitted on the moving papers, was denied, and defendant was sentenced to state prison for a term of 15 years to life.

ANALYSIS

I. <u>Standards of Review Applicable to Habeas Corpus Claims</u>

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See <u>Peltier v. Wright</u>, 15 F.3d 860, 861 (9th Cir. 1993); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the

---

[2] The following summary is drawn from the February 18, 2003 opinion by the California Court of Appeal for the Third Appellate District (hereinafter Opinion), at pgs. 1-2, filed in this court on May 12, 2004, as Exhibit D to the respondents' Answer.

interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085. Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). Section 2254(d) sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). When it is clear that a state court has not reached the merits of a petitioner's claim, or has denied the claim on procedural grounds, the AEDPA's deferential standard does not apply and a federal habeas court must review the claim
/////

de novo.  Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

II. Ineffective Assistance of Trial Counsel

Petitioner's sole claim is that his trial counsel rendered ineffective assistance. After setting forth the background and applicable legal principles, the court will analyze this claim below.

A. Background

On May 8, 2001, petitioner pled no contest to a single charge of second degree murder.  (Reporter's Transcript on Appeal (RT) at 73-74.)  On June 1, 2001, petitioner filed a motion to withdraw his plea of no contest and a declaration in support of the motion.  (Clerk's Transcript on Appeal (CT) at 385.)  Therein, he argued that he should be allowed to withdraw his plea because: (1) at the time he entered the plea he "felt pressure to take the offer and the plea was "not the product of [his] own free will;" (2) he took "antidepressant medication" the evening prior to the entry of his plea; and (3) he "misunderstood what was happening" at the change of plea hearing."  (Id. at 383.)

Petitioner's motion to set aside his plea was heard on June 11, 2001.  (RT at 87.)  At the beginning of the hearing, the trial judge announced that the matter had been continued to allow the prosecutor to file a response and to allow petitioner's trial counsel to file "any additional declarations to support her motion."  (Id.)  Petitioner's counsel stated that she had no additional evidence.  (Id.)  The motion was submitted on the papers filed.  (Id.)  Before announcing his ruling on the motion, the trial judge noted that he had engaged in a lengthy and complete colloquy with petitioner at the change of plea hearing.  (Id. at 87-89.)  Petitioner's motion to set aside his plea was denied and petitioner was sentenced to fifteen-years-to life in state prison. (CT at 401.)

On June 26, 2001, petitioner's trial counsel filed a timely notice of appeal on his behalf.  (Id. at 403.)  On the appeal form, counsel checked a box indicating that the issues to be

4

1  raised on appeal were based on petitioner's sentence or other matters occurring after his plea.
2  (Id.) Counsel did not check the box indicating that the appeal issues related to the validity of the
3  plea, nor did she request a certificate of probable cause which was required in the event that the
4  appeal challenged the validity of the plea. (Id.)

5         On or about October 9, 2001, petitioner's appellate counsel filed an "application
6  for relief from default and permission to amend notice of appeal and to seek certificate of
7  probable cause to appeal." (Answer, Ex. A.) Therein, it was noted that the notice of appeal filed
8  by petitioner's trial counsel had not sought to challenge the entry of his plea or the trial court's
9  denial of his motion to withdraw the plea. (Id. at 2.) Petitioner informed the court that he now
10 sought to challenge "the plea's entry and/or denial of its withdrawal, which may arguably
11 challenge its validity and require a certificate of probable cause to appeal." (Id.) Petitioner's
12 application was summarily denied by order dated November 1, 2001. (Id.)

13        On appeal, petitioner claimed that his trial counsel rendered ineffective assistance
14 because a conflict of interest prevented her from adequately preparing and vigorously arguing the
15 motion to withdraw his guilty plea and led to her decision not to appeal the validity of the plea.
16 (Answer, Ex. B.) Petitioner argued that his trial counsel had improperly coerced him to accept
17 the guilty plea and that, in order to prevent this fact from coming to light, she effectively
18 sabotaged any attempt on his part to challenge the plea. (Id.) He insinuated that his trial counsel
19 deliberately chose not to request a certificate of probable cause in order to foreclose appellate
20 review of the validity of the plea. (Id. at 7.) Petitioner argued that "there was a clear conflict
21 between appellants' presenting and prevailing in his plea withdrawal claim and counsel's interest
22 in protecting herself from the damage such an outcome could or would do to her professional
23 reputation and bar discipline exposure." (Id. at 9.) He further argued, "the conflict's adverse
24 effect was shown both by counsel's submission of the facially insufficient motion without
25 additional evidence, without appellant's opportunity to be heard personally, without argument,
26 /////

5

and the failure to obtain a certificate of probable cause to appeal that procedurally foreclosed the motion denial's appellate review." (Id. at 10.)

The California Court of Appeal construed the issues presented by petitioner on appeal as follows: "On appeal, as best we are able to determine, defendant contends that as a result of a potential or actual conflict of interest, his trial counsel was ineffective in (1) preparing and presenting his motion to withdraw his plea, and (2) failing to obtain a certificate of probable cause to preserve the first issue for appeal." (Opinion at 2.) The appellate court rejected both of these arguments, as so construed. First, the court found, as a matter of state law, that a certificate of probable cause pursuant to California Penal Code § 1237.5 was required in order to appeal because the claims raised therein challenged the validity of petitioner's plea.[3] (Id. at 2-5.) The state appellate court also concluded that the record was insufficient to demonstrate that petitioner's trial counsel rendered ineffective assistance when she failed to obtain a certificate of probable cause. The appellate court explained its reasoning in this regard as follows:

> Further, a claim of ineffective assistance – in this case, in failing to procure a certificate of probable cause – is not properly considered on appeal where the record does not show why counsel failed to act in the manner challenged, unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation. (See People v. Mendoza Tello,

---

[3] California Penal Code § 1237.5 provides:

> No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met:
>
> (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.
>
> (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court.

6

>   (1997) 15 Cal.4th 264, 266.) The record is not sufficient here upon which to base a claim that counsel was ineffective in failing to procure a certificate.

(Id. at 5.)

On March 20, 2003, petitioner filed a petition for review in the California Supreme Court. (Answer, Ex. E.) That petition was summarily denied by order dated April 30, 2002. (Answer, Ex. F.)

In the petition before this court, petitioner raises the following claim:

>   Defense counsel's failure to obtain a certificate of probable cause to appeal following denial of the motion to withdraw the plea violated appellant in the appeals dismissal, violating his 6th and 14th Amendments., I.A.C.
>
>   Defense counsel was ineffective because a challenge to the plea required a necessary certificate of probable cause to appeal which was not obtained. Appellant instructed counsel to initiate an appeal and reasonably relied upon counsel to file the necessary notice. Counsel performed unreasonably by failing to follow the Appellant's express instructions with respect to an appeal. Appellant was entitled to the effective assistance of counsel in obtaining a certificate of probable cause to appeal in the trial court, a prejudicial violation of the effective assistance guaranteed by the Sixth and Fourteenth Amendments.

(Pet. at 5.)

In his traverse, petitioner raises a substantive challenge to the validity of his guilty plea. He states that his trial counsel induced him to plead no contest by telling him, falsely, that his co-defendant had entered into a plea agreement and intended to testify against him. (Traverse at 1.)[4] Petitioner also complains that his trial counsel "presented the downside of going to trial and that the jury would find me guilty" and that she convinced him to enter a plea even though he did not commit the actual shooting. (Id. at 1, 3.) Petitioner states that when he found out his co-defendant was not going to testify against him, he asked his trial counsel to withdraw his plea.

---

[4] Petitioner informs the court that "two possibly three declarations from witnesses" will be provided to support his contention that his trial counsel falsely told him that his co-defendant had agreed to testify against him. (Id. at 6.) No such declarations have been filed.

7

1   (Id.) Petitioner also contends, as he did in state court, that his trial counsel deliberately chose not

2   to seek a certificate of probable cause because she did not want to expose the fact that she

3   improperly coerced petitioner to plead guilty.  (Id. at 5.)  Petitioner submits evidence that his trial

4   counsel assisted him with the filing of a petition for a writ of habeas corpus in state court,

5   arguing that this demonstrates she knew she had provided ineffective assistance.  (Traverse, Exs.

6   A-C.)  Petitioner summarizes the arguments set forth in his traverse as follows:

> Petitioner has shown that trial counsel failed to be truthful with
> him prior to his pleading no contest, failed to withdraw his plea in
> a timely manner, failed to file a request for a certificate of probable
> cause, and then failed to object to the judge's representation of
> Petitioner's role in the crime.  Taken alone they may amount to
> harmless error, but cumulatively they rise to the level of Strickland
> ineffective assistance.

11  (Traverse at 9.)

12              Relying on the decision in Roe v. Flores-Ortega, 528 U.S. 470 (2000),

13  respondents argue that petitioner's counsel did "all that was required of her" by filing a timely

14  notice of appeal.  (Answer at 6.)

15      B.  Legal Standards

16              The Sixth Amendment guarantees the effective assistance of counsel.  The United

17  States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in

18  Strickland v. Washington, 466 U.S. 668 (1984).  To support a claim of ineffective assistance of

19  counsel, a petitioner must first show that, considering all the circumstances, counsel's

20  performance fell below an objective standard of reasonableness.  See Strickland, 466 U.S. at

21  687-88.  After a petitioner identifies the acts or omissions that are alleged not to have been the

22  result of reasonable professional judgment, the court must determine whether, in light of all the

23  circumstances, the identified acts or omissions were outside the wide range of professionally

24  competent assistance.  Id. at 690; Wiggins v. Smith, 539 U.S. 510, 521 (2003).

25              Second, a petitioner must establish that he was prejudiced by counsel's deficient

26  performance.  Strickland, 466 U.S. at 693-94.  Prejudice is found where "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."  Id.  See also Williams, 529 U.S. at 391-92; Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000).  A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."  Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697).

In assessing an ineffective assistance of counsel claim "[t]here is a strong presumption that counsel's performance falls within the 'wide range of professional assistance.'"  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (quoting Strickland, 466 U.S. at 689).  There is in addition a strong presumption that counsel "exercised acceptable professional judgment in all significant decisions made."  Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing Strickland, 466 U.S. at 689).

The Strickland standards apply to appellate counsel as well as trial counsel.  Smith v. Murray, 477 U.S. 527, 535-36 (1986); Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989).  However, an indigent defendant "does not have a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."  Jones v. Barnes, 463 U.S. 745, 751 (1983).  Counsel "must be allowed to decide what issues are to be pressed."  Id.  Otherwise, the ability of counsel to present the client's case in accord with counsel's professional evaluation would be "seriously undermined."  Id.  See also Smith v. Stewart, 140 F.3d 1263, 1274 n.4 (9th Cir. 1998) (counsel not required to file "kitchen-sink briefs" because it "is not necessary, and is not even particularly good appellate advocacy.")  There is, of course, no obligation to raise meritless arguments on a client's behalf.  See Strickland, 466 U.S. at 687-88 (requiring a showing of deficient performance as well as prejudice).  Thus, counsel is not deficient for failing

9

to raise a weak issue. See Miller, 882 F.2d at 1434. In order to demonstrate prejudice in this context, petitioner must demonstrate that, but for counsel's errors, he probably would have prevailed on appeal. Id. at 1434 n.9.

The United States Supreme Court has identified several situations arising in the context of ineffective assistance of counsel claims, where prejudice may be presumed because the adversary process itself has been rendered presumptively unreliable. As the Ninth Circuit has explained in this regard:

> In Sixth Amendment right to counsel cases, the Supreme Court has presumed prejudice where there are "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." United States v. Cronic, 466 U.S. 648, 658, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Strickland, Cronic, and the cases that follow Cronic have made clear that this exception is limited to the "complete denial of counsel" and comparable circumstances, including: (1) where a defendant "is denied counsel at a critical stage of his trial"; (2) where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing"; (3) where the circumstances are such that "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial"; and (4) where "counsel labors under an actual conflict of interest."

Visciotti v. Woodford, 288 F.3d 1097, 1106 (9th Cir. 2002) (quoting Cronic, 466 U.S. at 659-61, 662 n.31), reversed on other grounds by Woodford v. Visciotti, 537 U.S. 19 (2002).

In other types of cases, a "similar, though more limited, presumption of prejudice" has been found to be warranted. Strickland, 466 U.S. at 692. The first type of such cases are those involving attorney conflict of interest, where prejudice will be presumed only if the defendant demonstrates that counsel "'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" Id. (quoting Cuyler v. Sullivan, 446 U.S. 335, 350 (1980)). In Roe v. Flores-Ortega, 528 U.S. 470 (2000) the Supreme Court recognized another category of cases warranting this more limited presumption of prejudice. In Flores-Ortega, appellate counsel had failed to file a notice of appeal under

circumstances where it was not clear whether his client had asked him to do so. 528 U.S. at 487. The United States Supreme Court held that where a defendant could show that "counsel's deficient performance . . . actually cause[d] the forfeiture of the defendant's appeal" prejudice involves only a showing that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." 528 U.S. at 484. The Supreme Court concluded that prejudice is to be presumed under these circumstances "with no further showing from the defendant of the merits of his underlying claims" because "the violation of the right to counsel rendered the [appeal] presumptively unreliable or entirely nonexistent." Id.[5]

C. Analysis

Petitioner has raised several distinct arguments under the umbrella of his general claim of ineffective assistance of counsel. The first question to be answered is whether trial counsel's failure to file the required documents to perfect petitioner's appeal of his guilty plea fell below an objective standard of reasonableness. Petitioner alleges only that he asked his trial counsel to "initiate an appeal," and does not explain whether he specified to his attorney the claims he wished to raise on appeal.[6] (Pet. at 5.) Petitioner's trial counsel filed a timely notice of appeal, but failed to request a certificate of probable cause, which was required in order to challenge the validity of petitioner's plea. Petitioner baldly asserts that his trial counsel refrained from requesting the certificate, and thereby foreclosed a challenge to the validity of his plea, because she wanted to cover up the fact that she had lied to petitioner in order to induce his plea.

---

[5] Whether a defendant must show actual prejudice or whether prejudice is presumed "turns on the magnitude of the deprivation of the right to effective assistance of counsel." Roe v. Flores-Ortega, 528 U.S. 470, 482 (2000). This is because the right to effective assistance of counsel "is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial . . . or a fair appeal." Id. (citations omitted).

[6] Here, petitioner claims that his trial counsel "performed unreasonably by failing to follow the Appellant's [sic] express instructions with respect to an appeal." (Pet. at 5.) Petitioner does not explain what he means by this statement and the court will not speculate as to petitioner's meaning.

11

1        Petitioner's contention in this regard is unsupported by any evidence in the record
2 and his bare allegation is insufficient to establish that his counsel's performance was deficient or
3 influenced by a conflict of interest.  On the contrary, as pointed out by the California Court of
4 Appeal, there is no evidence whatsoever in the record regarding counsel's reasons for not
5 requesting a certificate of probable cause.  It is entirely possible that trial counsel did not seek to
6 challenge the validity of petitioner's plea because she believed that any such claim lacked merit.
7 In this regard, counsel's motion to set aside petitioner's plea had already been denied by the trial
8 court.  This court must presume that counsel "exercised acceptable professional judgment" in her
9 handling of the notice of appeal.  Hughes, 989 F.2d at 702.  See also Kimmelman, 477 U.S. at
10 381; Strickland, 466 U.S. at 689.  Petitioner's conclusory and unsupported allegations regarding
11 counsel's motives are insufficient to rebut that strong presumption.  See Jones v. Gomez, 66 F.3d
12 199, 204 (9th Cir. 1995) ("It is well-settled that '[c]onclusory allegations which are not supported
13 by a statement of specific facts do not warrant habeas relief'") (quoting James v. Borg, 24 F.3d
14 20, 26 (9th Cir. 1994)).

15        Even assuming arguendo that counsel's failure to obtain a certificate of probable
16 cause constituted deficient performance, the next question would be whether petitioner's claim
17 implicates a more limited form of presumed prejudice under the holding in Flores-Ortrega or
18 instead is to be reviewed under the generally applicable actual prejudice standard.  If the
19 presumption of prejudice exists under these circumstances, petitioner is arguably entitled to
20 habeas relief because he claims that, but for his counsel's error, he would have filed a timely
21 appeal raising the claim that his plea was involuntary.  (Traverse at 9.)  If the general prejudice
22 standard applies, petitioner is not entitled to relief because, as will be explained below, the claim
23 he wished to raise on direct appeal lacks merit.

24        First, petitioner has failed to demonstrate that he suffered a "complete denial of
25 counsel" due to his attorney's alleged conflict of interest that caused her to sabotage his challenge
26 to his guilty plea.  See Strickland, 466 U.S. at 692.  For the reasons described above, petitioner's

unsupported claims regarding counsel's possible motive in failing to seek a certificate of probable cause are insufficient to establish a conflict. Put another way, petitioner has failed to demonstrate that "an actual conflict of interest adversely affected his lawyer's performance." Id.[7] Accordingly, prejudice may not be presumed on this basis.

Nor does the decision in Flores-Ortega require a presumption of prejudice here. In that case the Supreme Court noted that counsel's deficient performance in failing to file a notice of appeal deprived the defendant of "more than a fair judicial proceeding; that deficiency deprived [defendant] of the appellate proceeding altogether." 528 U.S. at 483. The Supreme Court concluded that the presumption of prejudice applied because the violation of the right to counsel had rendered the proceeding (the appeal) entirely nonexistent. Id. at 484. In that context the Supreme Court stated:

> We similarly conclude here that it is unfair to require an indigent, perhaps pro se, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed.

Id. at 486. Thus, in Flores-Ortega the petitioner's claims were never formulated in the first instance due to his counsel's failure to file a notice of appeal. As a result, there was no basis upon which to make a finding with respect to actual prejudice.

Here, on the contrary, petitioner received the benefit of the services of appointed appellate counsel in constructing and presenting his arguments challenging his judgment of conviction on appeal. Petitioner's claims were fully briefed to the state appellate court. (Answer, Ex. B.) Petitioner received a ruling from the California Court of Appeals on the merits of his claim of ineffective assistance of counsel. (See Opinion at 5.) Unlike the situation in

---

[7] As described above, petitioner also contends that this "conflict" also prevented his trial counsel from adequately presenting and arguing the motion to withdraw plea filed on his behalf in the trial court. This unsupported argument should be rejected for the same reasons.

Flores-Ortega, petitioner in this case was not deprived of an "appellate proceeding altogether." 528 U.S. at 483. In addition, this court is in a position to make a determination with respect to actual prejudice, or the likelihood of success of petitioner's claims on appeal, because those claims have been articulated by petitioner's appointed counsel on appeal in state court. Thus, contrary to the situation presented in Flores-Ortega, an inquiry into actual prejudice in this case is entirely possible.

The decision in Kitchen v. United States, 227 F.3d 1014 (7th Cir. 2000) is instructive on this issue. In that case the petitioner was convicted following a jury trial and his attorney filed a timely notice of appeal on his behalf. 227 F.3d at 1016. While that direct appeal was pending, petitioner's attorney filed a motion for a new trial with the trial court based upon a claim of newly discovered evidence. Id. at 1017. The briefing on the direct appeal was stayed to allow the trial court to consider the motion for a new trial. Id. After the trial court denied the motion, petitioner's counsel inadvertently failed to file a notice of appeal thus precluding the appellate court's review of the denial of the motion for a new trial. Id. Petitioner then collaterally attacked his conviction claiming he had been denied his right to effective assistance of counsel when his counsel failed to file a notice of appeal following the denial of his motion for a new trial. Id. On appeal from the trial court's denial of relief, petitioner argued that under the holding in Flores-Ortega he was entitled to a presumption of prejudice flowing from his counsel's failure to file a notice of appeal. Id. at 1020. Finding the question a close one, the court in Kitchen nonetheless rejected petitioner's presumption of prejudice argument. Id. In so ruling the court observed:

> For in those cases in which the Supreme Court, as well as this and other circuits, have presumed prejudice from the failure to file a notice of appeal, defendants have had no assistance of counsel for any issues. [citations omitted]. Therefore, a presumption of prejudice has arisen when the defendant was hampered by "the complete denial of counsel," Flores-Ortega, 120 S.Ct. at 1038 (emphasis added), meaning that "the defendant never receive[d] the benefit of a lawyer's services in constructing potential appellate arguments," Castellanos [v. United States], 26 F.3d [717,] 718 [7th

14

> Cir. 1994] (emphasis added). When "[n]o one has looked at the record with an advocate's eye," id., possible arguments on appeal are not even identified by an attorney, and it would be difficult for a court to evaluate the likelihood of success on appeal when the potential issues on that appeal were never identified. Cf. Castellanos, 26 F.3d at 718 (noting that although judges can "conscientiously" try "to imagine what a lawyer might have done, an advocate often finds things that an umpire misses.").
> Here, however, we need not employ our imaginations to determine what appealable issues were present in Kitchen's case. His counsel filed a timely notice of appeal from Kitchen's conviction and sentence and argued several issues before this court on direct appeal--some with success. Thus, one cannot characterize such a situation as one in which Kitchen was "abandoned" by his attorney or the denial of counsel on appeal was "complete." His attorney's deficient performance did not "deprive[ ] [Kitchen] of the appellate proceeding altogether." Flores-Ortega, 120 S.Ct. at 1038. Rather, Kitchen's counsel, through his deficient performance, foreclosed our review of one issue--whether Kitchen was entitled to a new trial on the basis of newly discovered evidence. This is unlike the situation in which the possible issues on appeal have not even been identified by an advocate, and prejudice must be presumed. See, e.g., Penson [v. Ohio], 488 U.S. [75,] 88, 109 S.Ct. 346 [1988]. Here, the abandoned issue has been clearly defined, and no reason has been offered why any prejudice resulting from its abandonment may not be reliably determined.

227 F.3d at 1021. The same is true here for the reasons noted above.

Finally, in concluding that no presumption of prejudice applies under these circumstances the court is persuaded by a recent district court decision addressing a strikingly similar claim. In Briseno v. Woodford, No. C 04-1458 PJH, 2007 WL 2726803 (N.D. Cal. Sept. 17, 2007), the petitioner had entered a plea of guilty in state court and then unsuccessfully moved to withdraw that plea prior to sentencing. In his federal habeas petition he claimed that his trial counsel was ineffective in improperly persuading him to plead guilty and in failing to obtain a certificate or probable cause from the trial court, thus precluding him from challenging on appeal the denial of his motion to withdraw his plea. 2007 WL 2726803 at *5, 18. In rejecting this ineffective assistance of counsel claim, the district court addressed the applicability of the decision in Roe v. Flores-Ortega, stating as follows:

/////

Because there do not appear to be any United States Supreme Court or Ninth Circuit cases directly on point, the court finds that the above legal standards pertaining to notices of appeal are instructive. However, the court notes that this case differs from Roe and Ninth Circuit cases interpreting Roe because, following consultation with [petitioner] and at least partially in accordance with [petitioner's] desires, [trial counsel] did draft a notice of appeal from the sentence imposed for [petitioner] to file pro se, which [petitioner] did. Unlike the other cases, what is at issue is counsel's alleged failure to file the document-a request for a certificate of probable cause-required under California law for [petitioner] to appeal additional issues related to the validity of his guilty plea.

* * *

[B]ased on this court's review of the record, it appears that [trial counsel] believed that [petitioner's] only viable claims pertained to his sentence and communicated this to him. Given the record, it would not have been deficient performance for [trial counsel] to determine that a trial court would not grant a certificate of probable cause as to other issues related to the validity of [petitioner's] plea, nor would it have been deficient performance for [trial counsel] to simply file a notice of appeal as to these claims.

Nevertheless, even if this court were to credit [petitioner's] recent statement that he did in fact request [trial counsel] to file the documents necessary for him to appeal the competency determination and the trial court's denial of his motion to withdraw his plea, thereby leading to a conclusion that [trial counsel's] failure to file a request for the certificate was deficient, the court concludes that [petitioner] has not demonstrated prejudice.

It is in evaluating prejudice that the failure to file notice of appeal cases provide less guidance. Unlike those cases involving counsel's failure to file a notice of appeal, in this case, had [trial counsel] filed a request for a certificate of probable cause, an appeal of those issues would not have been automatic. Instead, the state trial court would have been afforded an opportunity to review the request, and to deny the request if in its discretion it determined that the issues were frivolous or vexatious. Accordingly, in evaluating the prejudice issue, this court must consider the likelihood that the state court would have found the claims [petitioner] asserts that he would have raised, frivolous or vexatious.

* * *

[T]he court concludes that [petitioner] is unable to demonstrate prejudice because it is highly probable that the state trial court would have denied a certificate of probable cause as to the above potential issues, and thus [petitioner] would not have been

16

     permitted to appeal those issues anyway.  This is because the trial
     court would very likely have concluded, given the record, that the
     above issues were frivolous and/or vexatious.

Briseno, 2007 WL 2726803, *20 -22.

   Accordingly, the court finds that the presumption of prejudice does not apply under these circumstances.[8]

   Turning then to application of the general prejudice standard, in this case petitioner has failed to demonstrate that, but for counsel's failures, he would have prevailed on appeal.  See Strickland, 466 U.S. 694; Keeney, 882 F.2d at 1433.  To the extent petitioner's ineffective assistance of counsel claim is based on his trial counsel's failure to seek a certificate of probable cause allowing him to challenge the denial of his motion to withdraw his plea, he has not established prejudice.  As noted above, counsel's motion to set aside petitioner's plea had already been denied by the trial judge who recited in some detail his reasons for doing so.  (See RT at 87-89.)  It is highly probable that the trial court would have declined to issue a certificate of probable cause as to any attempt to challenge the denial of the motion to withdraw plea on the grounds of frivolousness.  See Briseno, 2007 WL 2726803, *16, 22.  Thus, petitioner would not

/////

---

  [8] The court is compelled to note the holding in Evitts v. Lucey, 469 U.S. 387 (1985).  In that case the defendant's retained counsel filed a timely notice of appeal in state court following his client's conviction but failed to file a statement of appeal with his brief as required by the state rules of appellate procedure.  Id. at 389.  When the state filed its brief it also moved to dismiss the appeal due to counsel's failure to file the statement of appeal.  The state appellate court granted the motion and dismissed the appeal.  Id. at 390.  The issue before the Supreme Court in Evitts was "whether the state court's dismissal of the appeal, despite the ineffective assistance of [the defendant's] counsel on appeal, violates the Due Process Clause of the Fourteenth Amendment."  Id. at 391-92.  After pointing out the various alternatives available to the state court short of dismissing the appeal, the Supreme Court concluded that Lucey had been denied his right to due process.  Id. at 399-400 ("A State may not extinguish this right because another right of the appellant--the right to effective assistance of counsel--has been violated.")  See also Bonneau v United States, 961 F.2d 17 (1st Cir. 1992) (under Evitts a defendant who lost his right to a direct appeal through the dereliction of his counsel was entitled to a new appeal without a showing that there was a meritorious appellate issue).  However, the petition before this court does not set forth a due process claim based upon the state court's dismissal of the appeal and no such claim has been exhausted in state court.  Rather, the only claim pending presented here is one based on petitioner's allegation of ineffective assistance of counsel.

have been permitted to obtain review of such issues on appeal even if his counsel had sought the certificate of probable cause. Id. at *22.[9]

Finally, petitioner has failed to establish prejudice with respect to any ineffective assistance of counsel claim he may be presenting with respect to the entry of his plea. In this regard, a guilty plea must be knowing, intelligent and voluntary. Brady v. United States, 397 U.S. 742, 748 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969). "The voluntariness of [a petitioner's] guilty plea can be determined only by considering all of the relevant circumstances surrounding it." Brady, 397 U.S. at 749. In Blackledge v. Allison, 431 U.S. 63 (1977), the Supreme Court addressed the presumption of verity to be given the record of plea proceeding when the plea is subsequently subject to a collateral challenge. While noting that the defendant's representations at the time of his guilty plea are not "invariably insurmountable" when challenging the voluntariness of his plea, the Supreme Court stated that, nonetheless, the defendant's representations, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings" and that "[s]olemn declarations in open court carry a strong presumption of verity." Id. at 74. See also Marshall v. Lonberger, 459 U.S. 422, 437 (1983) (plea presumed valid in habeas proceeding when pleading defendant was represented by counsel); Little v. Crawford, 449 F.3d 1075, 1081 (9th Cir. 2006); Chizen v. Hunter, 809 F.2d 560, 561 (9th Cir. 1986).

The state court record reflects that petitioner's plea of no contest was voluntarily made, with knowledge of the consequences thereof. There was a full and complete colloquy between the trial court and petitioner at the time he entered his plea. (RT at 74-81.) Of particular relevance to the claim before this court, petitioner stated that no promises had been made to induce him to accept the plea agreement (id. at 75), that he did not need any more time to talk to

---

[9] As noted above, the California Court of Appeal also denied petitioner's application for relief from default by which he sought to challenge on appeal the entry of his plea and/or the denial of its withdrawal. (Answer, Ex. A.)

his trial counsel about the plea agreement (id.), that he did not have "any questions" (id.), that he was not under any medication that would prevent him from understanding the proceedings (id. at 76), and that he had gone over the plea agreement with his trial counsel and she had answered all of his questions. (Id.) In addition, petitioner voluntarily waived his rights to a jury trial, to confront his accusers, and to his right against self-incrimination. (Id. at 79-80.) See Boykin, 395 U.S. at 243. Petitioner also had notice of the nature of the charges against him. (RT at 73.) See Lonberger, 459 U.S. at 436 (in order for a plea to be voluntary, an accused must receive notice of the nature of the charge against him, "the first and most universally recognized requirement of due process") (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)). At the end of the plea colloquy, the trial court found that petitioner's plea was "free and voluntary, knowing and intelligent, [and] he has been advised on the consequences of the plea." (RT at 81.) Although petitioner states that he was induced to enter the plea based on misrepresentations made by his trial counsel, he has failed to substantiate that bald assertion. Thus, for the reasons set forth above, petitioner has failed to demonstrate that he would have prevailed on a claim that his plea was not voluntarily entered.[10]

For all the reasons set forth above, this court concludes that petitioner has not shown that counsel's performance fell below an objective standard of reasonableness nor has petitioner demonstrated prejudice with respect to his ineffective assistance of counsel claim. Accordingly, the denial of relief by the state courts was neither contrary to, or an unreasonable application of, clearly established federal law.

/////

---

[10] This court also notes that an appellate counsel must be allowed to decide what issues are to be presented on appeal and that a criminal defendant does not have a constitutional right to dictate the issues to be raised. Insofar as petitioner's trial counsel was acting as appellate counsel when she concluded that there was no meritorious appellate issue related to petitioner's plea, petitioner has failed to demonstrate prejudice. As noted above, there is no obligation to raise a meritless argument on a client's behalf. Strickland, 466 U.S. at 687-88; Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).

DATED: February 29, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
stewart2670.hc3